United States District Court
Southern District of Texas
ENTERED
August 05, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ERNESTO BENAVIDES, JR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:15-181** |
| | § | |
| **LORIE DAVIS,**[1] | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 14, 2015, Petitioner Ernesto Benavides Jr. ("Benavides") filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, by a Person in State Custody. Dkt. No. 1. On December 29, 2015, Respondent Lorie Davis, in her official capacity as Director of Texas Department of Criminal Justice – Correctional Institutions Division (hereinafter "State") filed a motion to dismiss. Dkt. No. 19. Benavides filed a response. Dkt. No. 21. That motion is now fully briefed and pending before the Court.

After reviewing the record and the relevant case law, the Court finds that Benavides's petition is untimely filed; that there is no basis for equitable tolling; for which reasons, the petition should be dismissed.

## I. Background

### A. Factual Background

In March 2013, an indictment was returned against Benavides in Cameron County, Texas,. Dkt. No. 18-1, p. 34.[2] In that indictment, Benavides was charged with one count of

---

[1] William Stephens was originally the respondent in this case, in his official capacity as Director of Texas Department of Criminal Justice – Correctional Institutions Division. Lorie Davis now has that position; pursuant to FED. R. CIV. P. 25(d), she is substituted as the proper respondent in this case.

[2] The page numbers refer to the Bates-stamped number at the bottom of the pages of the State Court Records, Dkt. Nos. 11 & 12.

knowingly possessing more than 50, but less than 2,000 pounds of marihuana. Id.

On September 25, 2013, the 107th District Court held a hearing on a motion to suppress filed by Benavides. Dkt. No. 18-2, pp. 132-33. On that same date, the Court denied the motion to suppress. Id. The record does not contain what arguments that Benavides made in support of his motion to suppress. Id.

On October 28, 2013, Benavides pled guilty to possessing more than 50, but less than 2,000, pounds of marihuana. Dkt. No. 18-1, pp. 33-35. On that same date, Benavides was sentenced to 15 years of incarceration in TDCJ. Id., pp. 48-50.

Benavides did not file a direct appeal. Accordingly, Benavides's conviction became final on November 28, 2013, when the period to file a direct appeal expired. Tex. R. App. Proc. 26.2; Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000).

On July 2, 2014, Benavides, acting pro se, filed a petition for a writ of habeas corpus with the Court of Criminal Appeals (hereafter "first petition"). Dkt. No. 18-1, pp. 3-18. In that petition, Benavides alleged that he was coerced into consenting to a police search which led to the discovery of the marihuana. Id, p. 8. He also alleged that the deputy district attorney, who prosecuted him, had a conflict of interest. Id, p. 10. According to Benavides, the deputy district attorney – while previously in private practice – had represented Benavides's father in law and that the family had alleged that the attorney was ineffective in that representation. Id.

In response to the second allegation, the deputy district attorney filed an affidavit, stating that he did not know that Benavides was a son-in-law of his former client at any point during the prosecution of the case. Dkt. No. 18-1, pp. 29-30.

On October 8, 2014, the Court of Criminal Appeals "denied" Benavides's first petition. Dkt. No. 18-1, p. 55.

On June 10, 2015, Benavides filed a second habeas petition in state court ("second petition"). Dkt. No. 18-1, pp. 59-76. In that petition, Benavides raised five issues: (1) the police lacked probable cause to pull over his vehicle; (2) the trial court erred by denying the

motion to suppress; (3) counsel was ineffective; (4) his guilty plea was involuntary; (5) the deputy prosecuting attorney had the aforementioned conflict of interest. Id.

On August 19, 2015, the Court of Criminal Appeals "dismissed" Benavides's second petition as a "subsequent application," pursuant to Tex. Code Crim. Proc. art. 11.07, § 4(a)-(c). Dkt. No. 18-2, p. 146.

**B. Procedural History**

On September 14, 2015, Benavides filed the instant petition for a writ of habeas corpus in this Court. Dkt. No. 1. Interpreting the submission in the light most favorable to petitioner, Benavides alleges the same five issues that he raised in his second petition in state court: (1) the police lacked probable cause to pull over his vehicle and coerced him into consenting to a search; (2) the trial court erred by denying the motion to suppress; (3) counsel was ineffective; (4) his guilty plea was involuntary; (5) the deputy prosecuting attorney had the aforementioned conflict of interest. Id. The claims that the search was coerced and the putative conflict of interest were raised in the first state habeas petition.

On December 29, 2015, the State of Texas filed a motion to dismiss. Dkt. No. 19. The State asserted that Benavides's petition is untimely filed and cannot be saved by equitable tolling. Id. On January 11, 2016, Benavides filed a response. Dkt. No. 21.

## II. Applicable Law

**A. Section 2254**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, only violations of the United States Constitution or federal law are subject to review by this Court under § 2254.

In conducting such a review, a federal district court:

> may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the claim by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

> clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and reaches an opposite result." Simmons v. Epps, 654 F.3d 526, 534 (5th Cir. 2011) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)).

"The state court makes an unreasonable application of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts'; or (2) 'either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Simmons, at 534 (quoting Williams, at 407).

**B. Timeliness**

A petitioner has a one year "period of limitation" in which to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). That period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). This one year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2).

Further, the limitations period is not jurisdictional and may be equitably tolled. Holland v. Florida, 560 U.S. 631, 645 (2010). For equitable tolling to excuse the late filing of a petition, the petitioner must show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance" prevented timely filing. Id. at 649.

Equitable tolling does not apply, however, where a state court petition is filed after the expiration of the one year period. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Finally, the filing of a state petition does not serve to "revive an expired limitation period." Villegas v. Johnson, 184 F.3d 467, 472-73 (5th Cir. 1999).

## III. Analysis

In analyzing Benavides's claims, a basic premise is that allegations by pro se litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed, because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). In this case, even allowing for the latitude afforded a pro se claimant, neither the record – nor the law – render Benavides's claims timely filed.

### A. Timeliness

As previously noted, Benavides had one year in which to file his § 2254 petition in this Court. As relevant here, Benavides had one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed earlier, Benavides's conviction became final on November 28, 2013, when his period to file a direct appeal expired. Tex. R. App. Proc. 26.2; Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000). By the plain language of § 2244(d)(1)(A), Benavides had until November 28, 2014, to file a habeas petition in Federal court.

The one-year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2). As recounted in the factual background, Benavides's first petition was filed on July 2, 2014. Dkt. No. 18-1, pp. 3-18. On October 8, 2014, the Court of Criminal Appeals "denied" Benavides's first petition. Dkt. No. 18-1, p. 55. For that reason, Benavides's first petition was pending for 98 days.

Thus, the one-year statute of limitations was tolled for those 98 days during the period in which the Texas courts considered the petition. By tolling the statute of limitations for 98 days, Benavides's new deadline would have been March 6, 2015. No federal petition was filed before that deadline. In fact, the federal petition was not filed until September 14, 2015, over six months later.

Benavides did not file another state petition for writ of habeas corpus until June 10, 2015, when he filed his second petition. Dkt. No. 18-1, pp. 59-76. This petition did not toll the limitation period "because it was not filed until after the period of limitation had expired." Scott, 227 F.3d at 263(emphasis original).

Given that Benavides's second petition did not toll the statute of limitations period, his petition is untimely filed.

**B. Equitable Tolling**

Even if Benavides's limitations period was not statutorily tolled, it may be equitably tolled. Holland, 530 U.S. at 645. To avail himself of such relief from the limitations period, Benavides must establish "extraordinary circumstances" that warrant the tolling of the limitations period. Id at 649. Benavides bears the burden of establishing that equitable tolling is appropriate. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000). Benavides has failed to meet this burden.

Benavides has stated that "the only reason that prevented his timely filing was due to him being in the transfer facilities, Garza East and Garza West, going through diagnostics which prevented him in filing when he was attempting to exhaust his state remedies." Dkt.

No. 21, p. 2. Benavides has provided no evidence to show how being at a transfer facility prevented him from pursuing his rights, beyond his self-serving statement. "Because [the petitioner] makes no attempt to explain how the transfer facility's alleged deficiencies caused him to untimely file his habeas petition, his claim amounts to little more than an incognizable complaint that his prison lacked an adequate library." Krause v. Thaler, 637 F.3d 558, 562 (5th Cir. 2011). As such, Benavides's unsupported claim cannot serve as the basis for equitable tolling. Id. Accordingly, there is no basis to conclude that equitable tolling is appropriate in this case.

**C. Merits**

Even if the Court concluded that Benavides was entitled to equitable tolling for the claims made in his first state habeas petition – that he did not consent to the search and that the deputy district attorney had a conflict of interest – he fares no better.

As to the claim that he was coerced into consenting to the search that led to the discovery of the marihuana, his claim is waived by his plea of guilty. That guilty plea waived all non-jurisdictional defects, including any challenge to the constitutionality of the search. Wells v. Thaler, 460 Fed. App'x. 303, 309 (5th Cir. 2012) (unpubl.) (citing Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983)). As such, the claim is meritless and the state court did not act unreasonably in rejecting the claim.

As to the claim that the deputy district attorney had a conflict of interest, this claim is also meritless. The deputy district attorney at issue filed an affidavit stating that he was unaware that he had previously represented Benavides's father in law and did not discover that fact until Benavides filed the state habeas petition. Dkt. No. 18-1, pp. 29-30. Furthermore, Benavides has not shown that this putative conflict of interest impacted the proceedings against him. U.S. v. Wyly, 193 F.3d 289, 298–99 (5th Cir.1999) (prosecutorial misconduct claims are judged under a harmless error standard). Accordingly, the state court

did not act unreasonably in rejecting this claim.[3]

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the motion to dismiss filed by Respondent Lorie Davis be **GRANTED**. It is recommended that Ernesto Benavides's petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 be **dismissed as untimely filed**.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2254 motion to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). "Importantly, in determining this issue, we view the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." Druery v. Thaler, 647 F.3d 535, 538 (5th Cir. 2011) (internal quotations omitted) (citing Barrientes v. Johnson, 221 F.3d 741, 772 (5th Cir.2000)). The district court must rule upon a certificate of appealability when it "enters a final order adverse to the applicant." Rule 11, Rules Governing § 2254 Petitions.

After reviewing Benavides's § 2254 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Benavides's § 2254 motion raises issues that the Court has carefully considered,

[3] Benavides's claims that were only raised in the second state habeas petition – that the police lacked probable cause to detain him, the trial court incorrectly denied the motion to suppress, his plea was involuntary and his counsel was ineffective – were never decided on their merits in state court. Ex Parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (noting that dismissal of a habeas claim means the Texas court did not reach its merits). As such, the claims are unexhausted and cannot be considered by this court. Nickleson v. Stephens, 803 F.3d 748, 753 (5th Cir. 2015).

he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

**B. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on August 5, 2016.

Ronald G. Morgan
United States Magistrate Judge